

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis P.C.**
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | |
|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

My Direct Dial is: (212)545-4022
My Email Address is: COURTIANJ@JACKSONLEWIS.COM

*through an affiliation with Jackson Lewis P.C., a Law Corporation

December 27, 2016

**VIA ECF**

Hon. Judge Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. N605
Brooklyn, New York 11201

Re: Natacha Toussaint v. Gem Financial Services, Inc.
Case No: 16-cv-01737

Dear Magistrate Judge Gold:

This joint letter is submitted on behalf of the Parties, in the above-referenced action, as a motion for approval of the Parties' settlement. Because the Complaint asserts, inter alia, a claim for retaliation under the Fair Labor Standards Act ("FLSA"), in an abundance of caution, the Parties are seeking court approval of the settlement, notwithstanding ambiguity concerning the applicability of the FLSA "supervision" doctrine to such claims. See Hernandez v. Iron Container LLC et al., 2014 U.S. Dist. LEXIS 19781 (S.D. Fla., Feb. 18, 2014); Sierra v. EMSP, LLP, 2015 U.S. Dist. LEXIS 136227 (E.D. La., Oct. 6, 2015); Johnson v. Overdrive Sys II, Inc., 2016 U.S. Dist. LEXIS 81192 (M.D. Fla., June 1, 2016); Dunbar v. Wolf Bay Lodge, Inc., 2015 U.S. Dist. LEXIS 143613 (S.D. Ala., Oct. 22, 2015). Per the Court's Minute Entry dated December 19, 2016, the settlement agreement ("Agreement")[1] is submitted contemporaneously herewith under seal, as Exhibit "1," the Declaration of Gregory N. Filosa, counsel for Plaintiff, is submitted contemporaneously under seal as Exhibit "2," and a signed Stipulation and Order of Dismissal with Prejudice is being filed with this letter as Exhibit "3." The Parties request that the Court "So Order" the Stipulation and Order of Dismissal with Prejudice while preserving the confidentiality of the Parties' Agreement and the Declaration of Gregory N. Filosa.

---

[1]    Both parties have approved this Agreement. The attachment is executed by the Plaintiff. The Defendant will execute it upon returning from vacation.



### I.  Introduction and Statement of the Case.

Plaintiff Natacha Toussaint ("Plaintiff") filed this action on April 11, 2016, against Defendant Gem Financial Services, Inc. d/b/a Gem Pawnbrokers ("Defendant"), alleging that Defendant interfered with her rights and retaliated against her in violation of the Family and Medical Leave Act ("FMLA"), discriminated against her in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), retaliated against her under the FLSA and the New York Labor Law ("NYLL"), and unlawfully deducted wages under the NYLL.[2]  There is no claim for unpaid overtime wages in the instant lawsuit.  Defendant denies all of the allegations and asserts, among other defenses, that Plaintiff was granted her full FMLA leave entitlement and abandoned her job.  In a separate proceeding before the U.S. Equal Employment Opportunity Commission (EEOC Charge No. 520-2016-02334), Plaintiff alleged that she was discriminated against in violation of the Americans with Disabilities Act ("ADA").  Moreover, Plaintiff consented to join in a lawsuit filed against Defendant in the U.S. District Court for the Eastern District of New York (15-cv-5636) alleging violations of the FLSA and the NYLL, including alleged failure to pay overtime (referred to herein as the "Dalton Lawsuit").

After the Complaint was served and discovery was exchanged, counsel for the Parties decided to attend voluntary mediation at the EEOC. During the mediation, the Parties agreed that bona fide disputes existed regarding, inter alia, (1) whether Plaintiff abandoned her employment with Defendant; (2) whether Defendant properly calculated Plaintiff's FMLA entitlement on a rolling basis and not a calendar basis; and (3) whether Defendant knew Plaintiff was seeking additional time off as an accommodation.  The Parties also sharply disputed the basis for the termination of Plaintiff's employment, including whether Plaintiff's FMLA leave or participation in an FLSA class action against Defendant played any role whatsoever.  In the interest of avoiding the costs and uncertainties associated with protracted litigation and the uncertainty surrounding the success of either party's claims or defenses, the Parties arrived at what they believe is a fair and reasonable settlement of all of Plaintiff's claims against Defendant, excluding the claims she asserted in the Dalton Lawsuit, which shall continue.

### II.  The Proposed Settlement Is Fair and Reasonable.

A FLSA settlement should receive judicial approval where it is "fair and reasonable." See Wolinsky v. Scholastic, Inc. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Crabtree v. Volkert, Inc., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." In re Penthouse Executive Club

---

[2]  Specifically, Plaintiff claims she was entitled to payment of wages, including paid vacation and personal/sick time, during the first week of January 2016, while she remained out on FMLA leave.  Defendant contends Plaintiff had exhausted all her accrued vacation, personal and sick time and that her FMLA leave during the first week in January 2016 properly was treated as unpaid leave.  Therefore, Defendant contends no deductions were made from Plaintiff's wages.



Compensation Litig., No. 10-cv1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1354 (11th Cir. 1982)). See also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."); Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 364 (S.D.N.Y. 2013) ("[T]here is a 'strong presumption in favor of finding a settlement fair.").

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. Wolinsky, 900 F. Supp. 2d at 335.

The Declaration of Gregory N. Filosa explains the total settlement sum to be paid by Defendant to resolve this case, the amount to be paid to the Plaintiff and the amount to be paid to attorney Gregory N. Filosa, and why both the total amount of the settlement sum and the division of the settlement sum between the Plaintiff and the Plaintiff's attorney are fair and reasonable. Considering the sharp dispute over the facts and the numerous risks in this case, Plaintiff's counsel believes that the settlement is a good result for Plaintiff, and it should be approved as a fair and reasonable settlement. See Meigel v. Flowers of the World, NYC, Inc., 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). See Beckert v. Roni Rubinov, No. 15-CV-1951 (PAE), 2015 U.S. Dist. LEXIS 167052, at *2 (S.D.N.Y. Dec. 14, 2015) (approving FLSA settlement under which plaintiff would receive $29,557.97 out of a maximum possible recovery of $114,700). Defendant presented "take nothing" defenses to all of Plaintiff's claims. Plaintiff obtained other employment after only six months' of unemployment (during which time Plaintiff also received unemployment compensation) and thereby reduced or eliminated any alleged backpay damages. However, Plaintiff's maximum damages if successful on all of her claims would exceed her portion of the settlement amount. This settlement thus constitutes a classic compromise of contested issues.

Plaintiff has reviewed and has a full understanding of what she is releasing and her obligations under the Agreement in exchange for the settlement payment. Notably, Plaintiff no longer works for the Defendant, has obtained other employment, has no intention of seeking re-employment with Defendant, and has agreed never to apply for employment with the Defendant in the future.



### III.    The Attorneys' Fees Are Fair and Reasonable.

As set forth in the accompanying Declaration of Gregory N. Filosa, filed under seal, the portion of the settlement sum attributed to attorneys' fees and costs is fair and reasonable.  Since the filing of the case in April 2016, Plaintiff's counsel has used its considerable expertise and experience in litigating this case and providing a satisfactory result to the Plaintiff.  The contingency fee is fair and reasonable and is what was agreed upon by Plaintiff in her retainer agreement.  Alvarez v. Best of the Best Catering, Corp., 2008 U.S. Dist. LEXIS 113392, at *3 (M.D.Fl. December 8, 2008) (approving an attorney's fee of 40% based on the retainer agreement in an FLSA settlement); Clover v. Shiva Realty of Mulberry, Inc., 2011 U.S. Dist. LEXIS 51697 (S.D.N.Y. May 13, 2011) (FLSA action awarding fees many times the recovery to two Plaintiffs).  The fact that the contingency fee is less than the lodestar amount (as set forth in the Declaration of Gregory N. Filosa) further supports the reasonableness of the fee award, even more so when accounting for the risks associated with these cases as Plaintiff's counsel has worked without compensation of any kind to date and their fee has been wholly contingent upon the result achieved.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances, and Plaintiff has agreed to these fees and costs by signing the Agreement.  Plaintiff's counsel undertook this case on a contingency basis, with no guarantee of recovery.  As a result, this fee allocation should be approved.  The Parties respectfully request that the Court approve the settlement in this matter as set forth above, and issue the Order attached as Exhibit "3".

*          *          *

In sum, the proposed Agreement resolves bona fide disputes and reflects a reasonable compromise over sharply contested issues that led to the Plaintiff resolving this matter early in the litigation.  The settlement was reached during a mediation supervised by the EEOC, following arms-length discussions between counsel well-versed in the law, and after the parties conducted a thorough investigation, including an evaluation of the claims and defenses, and had discussions regarding the valuation of the case.

Importantly, there is no class or collective action in connection with this Lawsuit. See, e.g., Plizga v. Little Pol. Rest. Inc., 15-CV-08820 (LAK) (BCM), 2016 U.S. Dist. LEXIS 94859, at *17 (S.D.N.Y. July 18, 2016) ("Because this case is not a class action, there is no danger that an overbroad release would bind class members who had no bargaining power concerning the settlement terms.").   Moreover, continuing through trial would consume significant amounts of time and resources and demand substantial judicial resources. This trial would have been costly for all parties, would have further deferred closure, and could have led to the depletion of the resources used to resolve this matter.

Based on the litigation risks discussed above, the settlement is more than fair and reasonable. The settlement reached is for Plaintiff alone and will not prejudice any other employee or former employee of the Defendant from pursuing claims for retaliation. Given the



Honorable Judge Steven M. Gold
United States District Court
December 27, 2016
Page 5

potentially extensive litigation process for the Plaintiff, and the offer made by the Defendant, Plaintiff, advised by experienced counsel in this type of litigation, decided to accept the settlement.

This settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses. Therefore, the parties agree that the settlement is fair and reasonable and respectfully request that the Court approve the settlement and execute the Stipulation and Order of Final Dismissal With Prejudice appended as Exhibit "B" to the attached settlement agreement.

## IV. Even Assuming Supervision Applies to FLSA Retaliation Claims, There Is No Compulsory Process Associated Therewith, and Private, Confidential Settlement is Appropriate

As the rule concerning supervision of an FLSA retaliation claim is, at best, muddled, it follows that the Courts need not adhere to any compulsory process.

In this action, the Parties negotiated a global settlement under which consideration is being paid to resolve: 1) Plaintiff's discrimination claims under the NYSHRL and NYCHRL; (2) Plaintiff's FMLA interference and retaliation claims; 3) Plaintiff's FLSA and NYLL retaliation claims; and 4) Plaintiff's claim for unlawful deduction of wages pursuant to the NYLL. The public filing of this settlement agreement does not further the FLSA's remedial purpose, because a reviewer of the agreement will be unable to understand the nature of the FLSA claims, the defenses thereto, and the compromise arrived at, including as to the discrimination and FMLA claims. By permitting the sealing of the Agreement and the Declaration of Gregory N. Filosa, the Court preserves the confidential nature which attaches to most of the Parties' settlement and avoids a scenario where the lay public misconstrues or misunderstands the nature of the Parties' Agreement. See generally Gambale v. Deutsche Bank AG, 377 F.3d 133 (2d Cir. 2004). What the public will be able to observe with a confidential filing is that the Court reviewed the agreement, and found it to be fair and reasonable, ensuring that the policies behind the FLSA were upheld.

Counsel for the Parties are available to address any questions or concerns the Court may have concerning this application.

Respectfully submitted,

JACKSON LEWIS P.C.

Jennifer B. Courtian /MB

JBC/wr
Enclosure
cc:   Gregory N. Filosa, Esq.
      Maria Biaggi, Esq.